IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHANECE WILLIAMS, on behalf of Herself and as Mother and Next Friend of J.W., | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 20 cv 5666 ) |
| CHICAGO BOARD OF EDUCATION, and CANDICE WEISINGER, | ) ) ) |
| Defendants. | ) ) |

**COMPLAINT**

NOW COMES the Plaintiff, SHANECE WILLIAMS, as Mother and Next Friend of J.W., by and through counsel, SHILLER PREYAR JARARD & SAMUELS, and complaining of the defendants, CHICAGO BOARD OF EDUCATION and CANDICE WEISINGER, states as follows:

**INTRODUCTION**

This is a civil action seeking damages against defendants for committing acts under color of law, and depriving Plaintiff of rights secured by the Constitution and laws of the United States.

**JURISDICTION**

1. This action is brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

1

2. The jurisdiction of this Court is invoked pursuant to the judicial code 28 U.S.C. § 1331 and 1343 (a); the Constitution of the United States.

3. Pendent jurisdiction as provided under 28 U.S.C. § 1367(a).

**PARTIES**

4. Plaintiff SHANECE WILLIAMS, on behalf herself and as Mother and Next Friend of J.W., is a citizen of the United States of America, who, at all times relevant, resided in Cook County, Illinois. She is the mother and legal guardian of J.W. who, at all times relevant, was a four-year-old that attended McCutcheon Elementary School.

5. Defendant CANDICE WEISINGER, #19656 ("Defendant Officer") was, at the time of this occurrence, a duly licensed Chicago Police Officer. She engaged in the conduct complained of in the course and scope of her employment and under color of law. She is sued in her individual capacity.

6. Defendant CHICAGO BOARD OF EDUCATION is the legal entity for Chicago Public School District 299 (referred to throughout as "CPS"), which is a school district located in the Northern District of Illinois organized pursuant to the Illinois School Code. It is a public entity as defined by the Illinois Freedom of Information Act and within the meaning of Title II of the Americans with Disabilities Act. It is the principal and employer of Defendant Officer.

**FACTS**

7. At all times relevant, J.W. was a special education student at McCutcheon Elementary School.

8. To monitor his progress, daily logs were provided for his mother to review.

9. On or around 2 March 2020, Defendant Weisinger dragged J.W. down the hallway of the school.

10. As a result, a mandated report contacted DCFS to complain about Defendant Weisinger's abuse of J.W.

11. However, the school never notified Ms. Williams about the incident, nor was it documented in the daily behavior log.

12. Furthermore, when DCFS attempted to investigate the claim, the school's principal refused to cooperate telling the DCFS investigator she would not provide any information unless subpoenaed by a court.

13. The abuse suffered by J.W. by Defendant Weisinger, and covered up by the school administration, is part and parcel of a larger problem of physical abuse that occurs in Chicago Public Schools and covered up by them—especially against students with special needs.

14. Despite knowledge of this, CPS routinely fails to protect its students, choosing instead to coverup the misconduct of its agents and failing to implement policies that would prevent the misconduct from occurring again.

15. For example, in March 2016, Nikita Brown choked and then dragged a nine-year-old student to the principal's office; in September 2018, Christopher Thomas choked a nine-year old student until they lost consciousness; and in February 2019, a teacher slammed a student's head on the desk, punched, and choked a him.

16. Furthermore, a report from the Inspector General has put CPS on notice of the need to better train, supervise, and discipline SROs.

17. Despite this, the abuse against J.W. was allowed to occur and go unpunished.

18. Furthermore, Ms. Williams attempts to receive copies of records related to the abuse suffered by her son were repeatedly rebuffed by CPS.

19. The acts of the Defendants were intentional, willful and wanton.

20. As a direct and proximate result of the unlawful actions of the defendants, J.W. were injured, including physical injuries, pain and suffering, humiliation, embarrassment, fear, emotional trauma, mental anguish, the deprivation of their constitutional rights and dignity, interference with a normal life, lost time, and attorneys' fees.

## COUNT I: 42 U.S.C. § 1983

21. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

22. The actions of Defendants violated J.W.'s rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §1983.

23. As a proximate result of the above-detailed actions, J.W. was injured.

WHEREFORE the Plaintiff, SHANECE WILLIAMS, as Mother and Next Friend of J.W., purusant to 42 U.S.C. §1983, demands judgment against the Defendants, CHICAGO BOARD OF EDUCATION and CANDICE WEISINGER, for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

## **COUNT II: Intentional Infliction of Emotional Distress**

24. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

25. The above-detailed conduct by Defendants was extreme and outrageous, exceeding all bounds of human decency.

26. Defendants performed the acts detailed above with the intent of inflicting severe emotional distress or with knowledge of the high probability that the conduct would cause such distress.

27. Defendant CPS is sued in this to the doctrine of *respondeat superior*, in that Defendant Officer performed the actions complained of while on duty and/or in the employ of Defendant CPS, and while acting within the scope of their respective employment.

28. As a direct and proximate result of this conduct, J.W. did, in fact, suffer severe emotional distress, resulting in injury to her mind, body, and nervous system, including loss of sleep, mental anguish, and emotional suffering.

WHEREFORE the Plaintiff, SHANECE WILLIAMS, as Mother and Next Friend of J.W., demands judgment against the Defendants, CHICAGO BOARD OF EDUCATION and CANDICE WEISINGER, jointly and severally, for compensatory damages and punitive damages, and further demand attorney's fees and the costs of this action, and for such other relief as this Court deems just, proper, and equitable.

## COUNT III: Assault

29. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

30. By the actions detailed above, Defendants caused J.W. to reasonably apprehend imminent offensive contact and bodily injury.

31. By the actions detailed above, Defendants performed the acts detailed above with the intent of causing J.W. to apprehend imminent offensive contact and bodily injury.

32. J.W. reasonably apprehended offensive contact and imminent bodily harm.

33. As a direct and proximate result of the assault, J.W. was injured.

34. Defendant CPS is sued in this to the doctrine of *respondeat superior*, in that Defendant Officer performed the actions complained of while on duty and/or in the employ of Defendant CPS, and while acting within the scope of their employment.

WHEREFORE the Plaintiff, SHANECE WILLIAMS, as Mother and Next Friend of J.W., demands judgment against the Defendants, CHICAGO BOARD OF EDUCATION and CANDICE WEISINGER, jointly and severally, for compensatory damages and punitive damages, and further demand attorney's fees and the costs of this action, and for such other relief as this Court deems just, proper, and equitable.

## COUNT IV: Battery

35. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

36. By the actions detailed above, the Defendant Officer intentionally made unwanted and offensive bodily contact against J.W. and inflicted harm to J.W.

37. By the actions detailed above, the School Defendants performed the acts detailed above with the intent of inflicting physical harm to J.W.

38. J.G. was physically harmed.

39. As a direct and proximate result of the battery, J.W. was injured.

40. Defendant CPS is sued in this to the doctrine of *respondeat superior*, in that Defendant Officer performed the actions complained of while on duty and/or in the employ of Defendant CPS, and while acting within the scope of their employment.

WHEREFORE the Plaintiff, SHANECE WILLIAMS, as Mother and Next Friend of J.W., demands judgment against the Defendants, CHICAGO BOARD OF EDUCATION and CANDICE WEISINGER, jointly and severally, for compensatory damages and punitive damages, and further demand attorney's fees and the costs of this action, and for such other relief as this Court deems just, proper, and equitable.

## COUNT V: Negligent Hiring

41. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

42. Defendant CPS had a duty to exercise reasonable care in hiring and retaining employees.

43. Defendant CPS breached this duty by hiring and retaining Defendant Officer who had a propensity towards violence and posed a danger to vulnerable students.

44. Defendant CPS beached this duty by hiring and retaining administrators who covered up for the misconduct of other agents that exhibited a propensity towards violence and posed a danger to vulnerable students.

45. Defendant CPS breached knew or should have known of Defendant Officer's propensity towards violence and that its other agents would cover up misconduct that placed vulnerable students at risk.

46. Defendant CPS's hiring and retention of Defendant Officer proximately caused the injuries sustained by J.W.

WHEREFORE the Plaintiff, SHANECE WILLIAMS, as Mother and Next Friend of J.W., demands judgment against the Defendants, CHICAGO BOARD OF EDUCATION and CANDICE WEISINGER, jointly and severally, for compensatory damages and punitive damages, and further demand attorney's fees and the costs of this action, and for such other relief as this Court deems just, proper, and equitable.

## COUNT VI: FOIA Violation

47. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

48. On 24 June 2020, Plaintiff sent to McCutcheon Elementary School and Chicago Public Schools, a FOIA Request for "[a]ny and all documents, files, records, notes, investigations, memos, pictures, video, audio, communications or other documentary material related to the 2 March 2020, battery of Mr. Jamari Wright at McCutcheon Elementary School." Defendant received the request on or by 24 June 2020. A true and correct copy of the Request is attached as Exhibit A.

49. As of the date this Complaint was filed, Defendant has not responded to the Request.

50. Upon information and belief, agents of Defendant with knowledge of the request were aware, from 24 June 2020, through the deadline to respond, that FOIA required a response to the Request within five business days unless an extension of another five business days was taken by the initial five-day deadline.

51. Upon information and belief, all of the agents of Defendant took the annual FOIA training required by the FOIA statute. Annual FOIA training materials and the FOIA statutory language make clear that FOIA required a response to the Request within five business days unless an extension of another vide days was taken by the initial five-day deadline.

52. Upon information and belief, Defendant's employees with the authority to set policies and procedures that govern FOIA responses ("Defendant's FOIA Supervisors") were aware, on or before the deadline to respond to the Requests, that in 2014 Defendant had been sued multiple times and made the subject of multiple Attorney General Public Access Counselor requests for review for failing to respond to FOIA requests in a timely manner.

53. Upon information and belief, multiple Chicago Public School employees have been aware of the Requests during some or all of the time period from 23 June 2020, to the date this Complaint was filed.

54. Defendant has willfully and intentionally violated FOIA by failing to respond to the Request.

WHEREFORE the Plaintiff, SHANECE WILLIAMS, demands judgement against the Defendant, CHICAGO BOARD OF EDUCATION, and enjoin Defendant from withholding non-exempt public records under FOIA, order Defendant to pay civil penalties, award Plaintiff reasonable attorneys' fees and costs, and provide any such other relief as this deems equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

        Respectfully Submitted,

        **SHANECE WILLIAMS, as Mother and Next Friend of J.W.**

By:   /s/ Jeanette Samuels
        *One of Plaintiff's Attorneys*

        SHILLER PREYAR JARARD & SAMUELS
        601 South California Avenue
        Chicago, Illinois 60612
        T: 312-226-4590
        F: 773-346-1221
        E: sam@chicivilrights.com